**CAMACHO MAURO MULHOLLAND, LLP**
*Attorneys at Law*

/ NEW YORK OFFICE /
40 Wall Street 40th floor New York, NY 10005  **212.947.4999**

/ NEW JERSEY OFFICE /
20 Nassau Street #405 Princeton, NJ 08542  **609.452.7999**

April 21, 2020

**Via Electronic Filing**
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:  Thomas Velez v. Eagle Bending Machines, Inc. v. Advanced Arch Grilleworks, Inc.
D/L: 10/7/2014
Index No.: 1:17-cv-08900 (VSB)(HBP)
Our File No.: UTMY-4386-K

Dear Judge Broderick:

We represent the third-party defendant, Advanced Arch Grilleworks, Inc. ("Advanced") in the above matter. This letter is to 1) request additional time in which to complete expert discovery and 2) request permission to move for summary judgment. I have conferred with the other parties herein and they consent to the instant request.

We note that your Honor requested that the parties confer and discuss the potential for resolving this matter. I believe that counsel for the plaintiff and direct defendant are discussing the settlement at this time. However, given the strengths of my client's arguments on summary judgment, it is not participating in those discussions.

With respect to discovery, your Honor granted plaintiff's counsel additional time in which to provide its expert discovery. However, that discovery was not served until March 17, 2020. The discovery end date for this matter was March 20, at about the same time in which the Governor issued the order closing all non-essential businesses. Obviously, the timing of the plaintiff's disclosure and the shut down of the economy precluded the defendant and my client from providing their expert disclosures. Further, I cannot serve my client's expert disclosure until we receive that of the direct defendant. The parties have suggested that the discovery end date for this discovery to be August 31, 2020.

Advanced's motion for summary judgment is not reliant upon the expert discovery. Because the plaintiff was employed by Advanced at the time of the accident, the permissible claims against it are limited. Simply put, the plaintiff claims that he was injured on a machine distributed by the defendant, Eagle Bending Machines, Inc. ("Eagle"). Eagle has asserted in the third-party complaint that the plaintiff suffered a "grave injury" as defined in Section 11 of the Worker's

Compensation law. It further alleges that Advanced owes it contribution and indemnity. We submit that these causes of action are not permissible under Section 11.

While we will dispute the nature and extent of the plaintiff's claimed injuries, for the purpose of Advanced's motion, we will accept the allegations as true. According to the plaintiff's Answers to Interrogatories, he suffered "serious and permanent" injures to his index finger. He does not allege an amputation of any sort. Indeed, according to the medical records from the date of the accident, he underwent a "left index finger repair extensor tendon, pinning distal inter phalanx joint". There is nothing in the medicals to suggest that the plaintiff suffered an amputation to his index finger. Based upon the allegations and the medicals, the injury claimed by the plaintiff is not the type that is considered "grave" under Section 11 of the Worker's Compensation Law.

The New York Court of Appeals has clearly said that "the categories of grave injuries listed in section 11 providing the sole bases for a third-party action, are deliberately both *narrowly and completely described*; the list both 'exhaustive" and 'not illustrative" is 'not intended to be extended absent further legislative action'." *Fleming v. Graham*, 10 N.Y.3d, 296, 300 (2008). It has specifically been held that even a partial amputation of the index finger is not considered "grave". It must be a *total* amputation of the index finger. *See, Castillo v. 711 Group, Inc.* 41 A.D.3d 77 (2nd Dep't 2007)(holding that the loss of two of three joints of the index finger is insufficient to establish a grave injury); *Mentesana v. Bernard Janowitz Construction Corp.*, 36 A.D.3d 769 (2nd Dep't 2007)(finding that the plaintiff did not suffer a grave injury because the loss of the index finger was not total). In the present case, the plaintiff suffered an injury to the index finger but, in fact, did not lose any portion of it. Thus, he did not suffer a grave injury and there is no basis for the third-party action.

Based upon the foregoing, we have conferred with counsel for Eagle and we have agreed that we would serve our motion by June 1, Eagle's opposition would be due by June 30 and our reply would be due on July 10. Of course, we would adhere to any other briefing schedule as is convenient to the Court.

Thank you for your thoughtful consideration.

Respectfully submitted,

*/s/ Kathleen M. Mulholland*

Kathleen M. Mulholland
KMM/ka
Z:\CASES\4386\oc\J. Broderick - MSJ.doc

cc: **Via Electronic Filing**
Kristen N. Sinnott, Esq.
Dell & Dean, PLLC
1225 Franklin Ave, Suite 450
Garden City, NY 11530


Steven H. Cohen, Esq.

Law Offices of Michael E. Pressman
125 Maiden Lane – 17th Floor
New York, NY 10038