UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TOMAS VELEZ,                                                                    Civil Action No.:

                              Plaintiff,

                                                                  1:17-cv-08900
                                                                    (VSB)(HBP)
           -against-
                                                                    *Motion for*
                                                                    *Summary Judgment*
EAGLE BENDING MACHINES, INC., and CARELL
CORPORATION,

                                                   Defendants,
------------------------------------------------------------------------X
EAGLE BENDING MACHINES, INC.,

                                                   Third-Party Plaintiff,

          -against-

ADVANCED ARCH GRILLEWORKS, INC.,

                                                   Third-Party Defendant.

------------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that the undersigned attorneys for Third-party Defendant ADVANCED ARCH GRILLEWORKS, INC. will move before The United States District Court, Southern District of New York, on **July 10, 2020,** at 9:00 a.m. or as soon thereafter as counsel may be heard, for an Order granting Third-party Defendant ADVANCED ARCH GRILLEWORKS, INC. summary judgment dismissing the Third Party Complaint with prejudice pursuant to F.R.C.P. 56(c).

      Undersigned counsel will rely on the attached Statement of Undisputed facts and Brief in support of this application and requests oral argument.

Dated: New York, New York
       May 29, 2020

                              CAMACHO MAURO MULHOLLAND, LLP

                              */s/ Kathleen M. Mulholland*

                              _____
                              Kathleen M. Mulholland (km-6517)
                              Attorneys for Third Party Defendant
                              40 Wall Street, 40th Floor
                              New York, New York 10005
                              (212) 947-4999
To: (See Affidavit attached)        Our File No.: UTMY-4386-K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TOMAS VELEZ,                                                                    Civil Action No.:
                                  Plaintiff,
                                                               1:17-cv-08900
                                                               (VSB)(HBP)
       -against-


EAGLE BENDING MACHINES, INC., and CARELL
CORPORATION,

                                 Defendants,
------------------------------------------------------------------------X
EAGLE BENDING MACHINES, INC.,

                               Third-Party Plaintiff,

       -against-

ADVANCED ARCH GRILLEWORKS, INC.,

                               Third-Party Defendant.

------------------------------------------------------------------------X

_____

**BRIEF IN SUPPPORT OF MOTION FOR SUMMARY JUDGMENT**

_____



Dated:  New York, New York
           May 29, 2020

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**


**POINT I:**     **PLAINTIFF DID NOT SUFFER A GRAVE INJURY AS DEFINED IN SECTION 11 OF THE WORKER'S COMPENSATION LAW**


**POINT II:**    **SUMMARY JUDGMENT IS WARRANTED**

**PRELIMINARY STATEMENT**

The plaintiff seeks recovery for personal injuries allegedly sustained during the course of his employment with third-party defendant ADVANCED ARCH GRILLEWORKS, INC., ("Advanced").  At the time of his accident, he was working on a Universal Bending Roll Machine, Model CPH 40, Serial Number 2008N068.  The machine in question was purchased by Advanced from EAGLE BENDING MACHINES, INC., ("Eagle").  As a result of the accident, the plaintiff has alleged that he suffered an injury to his index finger, requiring two surgeries.  In those surgeries, the plaintiff's finger was pinned but he did not suffer an amputation or a total loss of use of the finger.

The plaintiff commenced suit against Eagle seeking recovery for his personal injures.  Eagle, in turn, commenced a third-party action against Advanced seeking contribution and indemnity and claiming that the plaintiff suffered a "grave injury" as defined by Section 11 of the Worker's Compensation Law.  However, the injury sustained by the plaintiff is not one that considered "grave".  On that basis, the third-party complaint must be dismissed as a matter of law.

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF DID NOT SUFFER A GRAVE INJURY

### AS DEFINED IN SECTION 11 OF THE WORKER'S COMPENSATION LAW

Section 11 of the Workers' Compensation Law precludes the liability of an employer for contribution or indemnity to any third person for injuries sustained by an employee,

> unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" which shall mean one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, *loss of an index finger* or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

The "grave injury" requirement was added to Section 11 by the Omnibus Workers' Compensation Reform Act of 1996. An employer would no longer be liable to third parties for injuries to an employee unless the employee's injuries are "grave." As the Court of Appeals noted in its discussion of the legislative history of the "grave injury" requirement:

> [t]hat the purpose of the amendment was to reduce the number of suits against employers is beyond cavil: In making this change, the bill restores the basis of the bargain between business and labor - - that workers obtain necessary medical care benefits and compensation for workplace injuries regardless of fault while employers obtain a degree of economic protection from devastating lawsuits.

*Castro v. United Container Machinery Group*, 96 N.Y.2d 398, 401-02, 736 N.Y.S.2d 287, 289 (2001) *quoting* Governor's Memorandum approving L 1996 ch. 635, NY Legis. Ann. at 460. And as the Governor's Memorandum specified, the "grave injuries" identified in Section 11 "are deliberately both *narrowly and completely described*. The list is exhaustive, not illustrative . . . ." *Id*. at 402, 736 N.Y.S.2d at 289 *quoting* Governor's Memorandum.

In the matter at hand, plaintiff did not sustain a "grave injury" as defined by Section 11. The primary injury alleged by him is a fracture of the index finger requiring surgery (*see* Exhibit G, para. 15, Exhibit H). He then claimed at his deposition that he also suffered an injury to his tooth (*see* Exhibit I"), although his answers to interrogatories were never amended to include such a claim. Because he did not suffer a grave injury – indeed, does not even allege an injury that could be deemed "grave"-- the third-party action against Advanced must be dismissed as a matter of law.

The case of *Castro*, supra, involved a claim that the plaintiff lost five fingertips as a result of an accident involving a die cutting machine. The *Castro* plaintiff sued the manufacturer which, in turn, brought a third-party action against plaintiff's employer. The question before the Court of Appeals was whether plaintiff's "loss of multiple fingertips" meets the Section 11 "grave injury" requirement of "loss of multiple fingers." 96 N.Y.2d at 400. Plaintiff and the manufacturer argued that "loss of multiple fingers" should be construed as "partial loss of multiple fingers," even though Section 11 is silent on the issue of "partial" losses.

The Court rejected this argument "based on the plain language and legislative history" of Section 11 and held that:

> [t]he term "loss of multiple fingers" cannot sensibly be read to mean partial loss of multiple fingers. Words in a statute are to be given their plain meaning without resort to forced or unnatural interpretations.

*Id*. at 401.

A case that is analogous to the present case is *Mentesana v. Bernard Janowitz Construction Corp.*, 36 A.D.3d 769 (2nd Dep't 2007). In that case, the plaintiff was injured when a steel beam hit his hand, injuring his left index finger and resulting in its partial amputation. One of the claims made against the employer was for contribution and common law indemnity

based upon a claim that the *Mentesana* plaintiff suffered "grave" injury. The Court held that those claims were not permitted and must be dismissed. It specifically held that a partial loss of an index finger is insufficient to meet the definition of a grave injury as defined under Section 11 of the Worker's Compensation Law. *Id*. at 771,

Likewise, in the case of *Blackburn v. Wysong & Miles Co*., 11 A.D.3d. 421 (2nd Dep't 2004, the Second Department refuse to extend the definition of "grave injury". It specifically held, that, while the plaintiff lost "half" of his index finger, "giving the words in the statute their plain meaning, the term 'loss of an index finger' cannot be read to encompass the partial loss of an index finger." *Id.* at 422.

Again, in the present case, the plaintiff did not lose *any* part of his index finger. He suffered a fracture to it and it was pinned. It is our position that the plaintiff has fully recovered and has full function of that finger. However, for the purpose of the motion, even if we were to argue that the plaintiff's injury is as severe as he claims, it still does not rise to the level of grave. Thus, the claims for contribution and common law indemnity must be dismissed as a matter of law.

## POINT II

### SUMMARY JUDGMENT IS WARRANTED

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Summary Judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. At the summary judgment stage, the trial judge's function is not himself to

weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 243 (1986).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc*., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations …and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc*., 243 F.3d 130, 138 (3d Cir. 2001).

In the present case, there are no facts to support a claim of a grave injury.  Simply put, Eagle cannot meet its burden because this is not even a question of a partial loss of an index finger.  The plaintiff has his *entire* index finger; he simply sustained a fracture to it. Even if we assume that *all* claims by the plaintiff are established and as to the severity claimed by him, they are still limited to a fracture and pinning of the index finger and an injury to the toothNone of them qualify as a grave injury.  They are not the types of injury contemplated by Section 11 of the Worker's Compensation Law.

For the aforementioned reasons, it is respectfully submitted that Summary Judgment, in favor of Third-party Defendant, ADVANCED ARCH GRILLEWORKS, INC, be granted, dismissing the Third-party Complaint as a matter of law.

Dated: New York, New York
      May 29, 2020

CAMACHO MAURO MULHOLLAND, LLP

*/s/ Kathleen M. Mulholland*
_____
Kathleen M. Mulholland (km-6517)
Attorneys for Third Party Defendant
40 Wall Street, 40th Floor
New York, New York 10005
(212) 947-4999

To: (See Affidavit attached)    Our File No.: UTMY-4386-K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TOMAS VELEZ,                                                                     Civil Action No.:

                           Plaintiff,
                                                                         1:17-cv-08900
                                                                          (VSB)(HBP)
      -against-

                                                                          *Statement of*
                                                                          *Undisputed Facts*
EAGLE BENDING MACHINES, INC., and CARELL
CORPORATION,

                                       Defendants,
------------------------------------------------------------------------X
EAGLE BENDING MACHINES, INC.,

                                     Third-Party Plaintiff,

      -against-

ADVANCED ARCH GRILLEWORKS, INC.,

                                     Third-Party Defendant.

------------------------------------------------------------------------X

Third-party Defendant Advanced Arch Grilleworks, Inc. ("Advanced") in support of the within Motion for Summary Judgment, set forth the following material facts which are not in dispute:

### *Pleadings*

1. On or about October 6, 2017, the plaintiff commenced the instant action in Bronx County of the Supreme Court of the State of New York. A copy of the plaintiff's complaint is attached as Exhibit "A".

2. The matter was then removed to this Court by defendant Carrel Corporation on November 15, 2017. A copy of the removal is attached as Exhibit "B".

3. An answer was served by the defendant Eagle Bending Machines ("Eagle") on or about January 16, 2018. A copy of Eagle's answer is attached as Exhibit "C".

4. Thereafter, Eagle commenced a third party action against Advanced. A copy of the Third Part Complaint is attached as Exhibit "D".

5. Advanced served an answer to the Third-party Complaint on April 4, 2018. A copy of the Answer to the Third-Party Complaint is attached as Exhibit "E".

6. Defendant Carrel was dismissed from the case on April 6, 2018. A copy of the so ordered Stipulation of Discontinuance is attached as Exhibit "F".

**Allegations**

7. The plaintiff, Thomas Velez, claims that he injured his index finger while working on a Universal Bending Roll Machine, Model CPH 40, Serial Number 2008N068. A copy of the plaintiff's Answers to Interrogatories is attached as Exhibit "G".

8. Advanced purchased the subject machine from Eagle.

9. At the time of his claimed accident, the plaintiff was employed by Advanced.

10. Eagle alleges that Advanced owes it contribution and indemnity based upon its claim that the plaintiff suffered a "grave injury" as defined under Section 11 of the Worker's Compensation Law.

11. The plaintiff claims to have sustained a fracture to the index finger in the accident. He underwent a surgical procedure involving a closed reduction and pinning of the middle phalanx. A copy of the operative report is attached as Exhibit "H".

12. The plaintiff did not undergo an amputation of any portion of the index finger.

13. The plaintiff has not claimed any injury other than the fracture to his index finger. According to the plaintiff's deposition testimony, he only injured his finger and

cracked a tooth in this accident. See pages 172-73 of plaintiff's deposition transcript which is attached in its entirety as Exhibit "I". While counsel reserved the right to allege the cracked tooth, upon information and belief, said claim has never been made.

Dated: New York, New York
May 29, 2020

                                                 CAMACHO MAURO MULHOLLAND, LLP

*/s/ Kathleen M. Mulholland*
_____
Kathleen M. Mulholland (km-6517)
Attorneys for Third Party Defendant
40 Wall Street, 40th Floor
New York, New York 10005
(212) 947-4999

To: (See Affidavit attached)         Our File No.: UTMY-4386-K