```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TOMAS VELEZ,                                                :
                                                            :
                        Plaintiff,                          :
                                                            :         17-CV-8900 (VSB)
          - against -                                       :
                                                            :              ORDER
                                                            :
EAGLE BENDING MACHINES, INC., et al.,                       :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of Third-Party Defendant Advanced Arch Grilleworks, Inc. ("Advanced") for summary judgment dismissing with prejudice the Third-Party Complaint of Third-Party Plaintiff Eagle Bending Machines, Inc. ("Eagle") pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Because the record before me appears to be missing certain information, I direct the Eagle and Advanced to supplement their submissions as outlined below.

      **I.**    **Procedural History**

      Plaintiff Tomas Velez commenced this action on October 6, 2017 by filing a complaint against Defendants Eagle and Carell Corporation in the Supreme Court of the State of New York, County of Bronx. (Doc. 1.) On November 15, 2017, Defendant Carell Corporation removed this action to the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446. (*Id.*) On December 8, 2017, Carell Corporation answered the Complaint. (Doc. 6.) On January 23, 2018, Eagle answered the Complaint and asserted cross-claims against Carell Corporation. (Doc. 7.) On March 9, 2018, Eagle filed a Third-Party Complaint against Advanced. (Doc. 20.) Advanced answered the Third-Party Complaint on April 4, 2018, (Doc.

21), and Eagle replied on April 12, 2018, (Doc. 25).  On April 11, 2018, the parties stipulated to discontinue without prejudice the action against Carell Corporation.  (Doc. 23.)  The parties filed a case management plan on May 18, 2018.  (Doc. 29.)  I granted the parties' various motions for extensions of time to complete discovery, (*see* Docs. 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 42, 43), ultimately extending the deadline for the completion of discovery until August 31, 2020, (Doc. 43).  Eagle filed its Rule 26 Expert Disclosure on May 26, 2020.  (Doc. 46.)

On May 29, 2020, Third-Party Defendant Advanced filed the instant motion for summary judgment.  (Doc. 47.)  On June 16, 2020, Third-Party Plaintiff Eagle submitted its memorandum of law in opposition to Advanced's motion.  (Doc. 48.)  On June 22, 2020, Advanced filed its reply.  (Doc. 49.)

## II. Discussion

"Injuries qualifying as grave are narrowly defined in Workers' Compensation Law § 11." *Hocza v. City of New York*, No. 06 CIV. 3340, 2008 WL 5188148, at *3 (S.D.N.Y. Dec. 10, 2008) (quoting *Castro v. United Container Mach. Group, Inc.*, 96 N.Y.2d 398 (N.Y. 2001) (holding that loss of multiple fingertips does not meet the definition of grave injury)). Specifically, Section 11 of the Workers' Compensation Law provides, in relevant part, that

> [a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" which shall mean only one or more of the following:  death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

"The grave injuries listed are deliberately both *narrowly and completely described*.  The list is exhaustive, not illustrative; it is not intended to be extended absent further legislative action."

*Castro*, 96 N.Y.2d at 398 (emphasis in original) (quoting Governor's Approval Mem., ch. 635, L.1996, reprinted in 1996 N.Y. St. Legis. Ann. 174, at 460).  In order to establish a claim of entitlement to indemnification or contribution under the statute, the Third-Party Plaintiff must show that Plaintiff sustained one of the injuries enumerated in Section 11, such as "permanent and total loss of use or amputation" of Plaintiff's hand, or loss of Plaintiff's index finger.  *See, e.g.*, *Hocza*, 2008 WL 5188148, at *6 (granting the third-party defendant's motion for summary judgment where there was no evidence on the record that the plaintiff had suffered a "total and permanent loss of use of his hands").  To determine the propriety of Advanced's motion to dismiss, I must assess whether the record raises a genuine dispute of material fact as to whether Plaintiff suffered a total loss of his index finger or a total and permanent loss of use of his hand under Section 11.

    The "loss of an index finger" requirement in Section 11 does not encompass the partial loss of a finger.  *Castro*, 96 N.Y.2d at 401 (holding that "the word 'finger' [in Section 11] means the whole finger, not just its tip"); *see also, e.g.*, *Mentesana v. Bernard Janowitz Const. Corp.*, 36 A.D.3d 769, 770 (2d Dep't 2007) (affirming summary judgment for the third-party defendant employer in a claim for indemnification where the plaintiff underwent only a partial amputation of his index finger); *Blackburn v. Wysong & Miles Co.*, 11 A.D.3d. 422 (2d Dep't 2004) ("giving the words in the statute their plain meaning, the term 'loss of an index finger' cannot be read to encompass the partial loss of an index finger"); *McCoy v. Queens Hydraulic Co.*, 286 A.D.2d 425, 425–26 (2d Dep't 2001) (determining as a matter of law that no grave injury was sustained under Section 11, where the plaintiff suffered "the amputation of the distal phalanx, or upper third of her index finger"); *cf. Castillo v. 711 Grp., Inc.*, 10 N.Y.3d 735, 737 (N.Y. Ct. App. 2008) (denying summary judgment on a Section 11 claim to the third-party defendant where the

plaintiff "demonstrated that he lost both interphalangeal joints of his left index finger, leaving a 'painful amputation stump' that required two corrective surgeries to desensitize"). "Total loss of use," as interpreted by courts in this Circuit, means "the loss of functional use—the inability to accomplish a task with the hand" or "the loss of all movement in the hand." *Hocza v. City of New York*, No. 06 CIV. 3340, 2008 WL 5188148, at *4 (S.D.N.Y. Dec. 10, 2008) (citing *Mustafa v. Halkin Tool, Ltd.*, 00 Civ. 4851 (DGT), 2004 WL 2011384, at *5 (E.D.N.Y. Sept. 7, 2004)).

Advanced filed its motion for summary judgment before the deadline for expert disclosures and the close of discovery set for August 31, 2020, (*see* Doc. 43), and stated that its motion is not reliant upon the expert evidence, (Doc. 42, at 1). Eagle, on the other hand, contends that a decision on summary judgment is premature, given that at the time of Advanced's submission of the instant motion, Plaintiff had not yet exchanged an expert medical expert report. (Def. Eagle's Opp. Mem. 14.) Expert discovery has since closed in this case.

Accordingly, the parties are directed to provide the Court with the following information:

1. Whether there are any medical or post-surgical reports indicating that Plaintiff Velez underwent an amputation of his index finger and the extent of such amputation, or, if none exist, indicating the absence of such reports and/or reports that indicate Plaintiff's index finger is entirely or partially intact;

2. Whether there are any medical reports otherwise describing the status of Plaintiff's left index finger after the alleged injury;

3. Whether there are any medical reports describing the status of Plaintiff's left hand after the alleged injury, including whether Plaintiff suffered loss of use of his left hand, and the extent of any loss of use;

4. Whether there are any photographs and/or x-rays taken of Plaintiff's left hand or left index finger after he sustained the alleged injury, including the date such photographs and/or x-rays were taken; and

5. Whether there is any other evidence obtained during the course of expert discovery that would be material to the instant motion, including any excerpts from expert reports/disclosures and/or depositions.

Accordingly, it is hereby:

ORDERED that, by on or before January 15, 2021, the Third-Party Plaintiff and the Third-Party Defendant shall each submit a supplemental brief of no more than ten (10) pages providing the above information and attaching relevant documents as exhibits, if applicable.

IT IS FURTHER ORDERED that the Third-Party Plaintiff and the Third-Party Defendant are directed to appear before this Court, at a telephonic oral argument scheduled on January 28, 2021 at 2 p.m.

SO ORDERED.

Dated: January 4, 2021
New York, New York

Vernon S. Broderick
United States District Judge